IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**Alexander Fadi Jarbo**
*Plaintiff,*

vs.

Case No.
Hon.:

**Detective Corporal Michelle Martinez
and the City of Warren (Warren Police
Department)**
*Defendants.*
_____/
Frank G. Becker (P25502)
18501 W. Ten Mile Rd.
Southfield, MI. 48075-2663
(248) 789-2437
frankgbecker@yahoo.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, **Alexander Fadi Jarbo**, by and through counsel,

Frank G. Becker, and complains against the Defendants as follows:

1. Plaintiff, Alexander Fadi Jarbo, is a citizen of the United States of

   America and a resident of Shelby Township, Macomb County, Michigan.

2. Defendant, Detective Corporal Michelle Martinez, was, at all times material

   hereto, a duly appointed, employed and acting City of Warren Police Officer

   operating in the City of Warren, County of Macomb and State of Michigan.

   The allegations are brought against this Defendant in her individual capacity.

   At all times relevant to this matter, the Defendant, Detective Corporal

1

Michelle Martinez, was acting under the color of law and under the authority granted to her by the City of Warren through its Warren Police Department. Detective Corporal Michelle Martinez also had been given supervisory, policy making and training responsibilities, and decision-making authority Defendant, City of Warren (Warren Police Department).

3. The Defendant, City of Warren, is a legally established Michigan governmental entity that was created and organized as a governmental unit pursuant to the laws of the State of Michigan and continues to existing subject to the laws of the State of Michigan and as further governed by the laws and Constitution of the United States of America, which are the supreme laws of the land pursuant to the Supremacy Clause of the United States Constitution. *U.S. Const. art. VI, cl. 2*. The Warren Police Department is a subordinate division of the City of Warren,

4. This is a case of false arrest and imprisonment where the Plaintiff, Alexander Fadi Jarbo, was illegally arrested and prosecuted because his vehicle's license plate was matched to his name by Troy Police Department Police Officers, who then pursuant to a facially valid warrant obtained by Defendants,  who had issued an arrest warrant for an "Alexander Jarbo," a person with the same or similar name whose physical appearance was known by Defendants, because the crime committed by the "Alexander Jarbo" for whom the arrest

2

warrant was obtained, was a against a victim who had a long term acquaintance and familiarity with the perpetrator Alexander Jarbo and could and would have distinguished Plaintiff from the Perpetrator. Additionally, Plaintiff had and so advised the arresting Troy Officers and the Defendants, of irrefutable video evidence as to his innocence. Evidence that the Defendant did not rely upon at the time of the arrest and during Plaintiff's incarceration and prosecution. The actions of Detective Corporal Michelle Martinez were ratified by the Defendant City of Warren (Warren Police Department) as Defendant Martinez suffered no reprimand or discipline for her conduct herein.

## II. Jurisdictional and Venue Allegations

5. Venue is proper in this Court under *28 U.S.C. § 1391(b)* because the events giving rise to Plaintiff Jarbo's claims occurred within the Judicial District of this Court

6. This action arises and is brought, in significant part, under the United States Constitution, particularly under the provisions of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and particularly Title 42 of the United States Code, Section 1983 *(42 USC § 1983)*.

### III. Factual Allegations

7.  On November 11, 2024, at approximately 1:35 p.m., the Victim called the

    Warren Police Department and spoke to an officer working the front desk.

    The Victim stated that on November 10, 2024, he received a phone call from

    an old friend named Alexander Jarbo. The Victim then stated that Alexander

    Jarbo, who communicated to him that he was clean and no longer using

    heroin, asked for a ride in this car. When the vehicle stopped, "Alexander

    Jarbo" grabbed the Defendant's wallet and removed $210.00 from the

    Victim's wallet and ran away.

8.  Based solely on the Victim's complaint, the Defendants requested and

    obtained an arrest warrant on November 18, 2024, for one (1) count of

    Felony Larceny against an "Alexander Jarbo." On November 21, 2024, the

    arrest warrant requested by the Defendants was obtained. On November 25th,

    2024, the Plaintiff, who is named Alexander Jarbo, was arrested in the

    company of  a group of fellow employees near his workplace and detained

    by the Troy Police Department for the outstanding arrest warrant after an

    alleged traffic stop. Plaintiff and his vehicle were then -- pursuant to the

    unlawful arrest warrant that ostensibly called for the arrest, search, seizure,

    and detention of all persons named, Alex Jarbo -- was arrested, seized,

    detained searched, and prosecuted by the Defendants, who were contacted

by the Troy Police Department.  Upon this notification, the Defendants then dispatched a Warren Police Department unit to convey Plaintiff from detention in Troy to the Warren Police Department Jail where Plaintiff was held in custody until his arraignment in the Warren 37th District Court.

9.  Although "Jarbo" is a common name, no actual in-person or photo lineup was conducted by the Defendants so the victim could immediately exculpate the Plaintiff of any alleged criminal conduct.

10  Despite there being no probable cause to arrest, detain, commence and proceed with a full prosecution of the Plaintiff for serious felony charges. While awaiting in a jail cell to appear for his formal arraignment in 17th District Court on November 26, 2024, Plaintiff was released from Warren Police Department detention when Defendant Police Officer Michelle Martinez finally determined that Plaintiff was not the "Alexander Jarbo" who committed the crime. Defendant Martinez also advised Plaintiff that she would be destroying the arrest warrant "to protect the Plaintiff." The charges were apparently dismissed, but not in the presence of the Plaintiff in Open Court by a District Court Judge.

## COUNT I

### *42 USC§1983*

**Illegal Search and Seizure, Unlawful Detention and
Prosecution without Probable Cause and Due Process of**

**law as to Defendant Detective Corporal Michelle Martinez**

11. Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as though fully set forth in this Count.

12. The above-described conduct of the Defendant, Detective Corporal Michelle Martinez, was clearly unconstitutional, and in violation of clearly established Constitutional rights as mandated under the Fourth and Fourteenth Amendments of the U.S Constitution. U.*S. Const. amend. IV. XIV*. The Defendant Martinez knew or should have known that her conduct violated the Plaintiff's Constitutional Rights based on fundamental, established Constitutional Provisions and Case Law and even basic Police Officer training as to the rights of individuals, arrests and identification procedures that have never permitted or sanctioned the blanket arrest, seizure and incarceration of all persons with the same or similar name.

13. As a direct and proximate cause and result of the deprivation of constitutional rights as described in the above paragraphs, Plaintiff, Alexander Jarbo, suffered the injuries and damages as specifically stated below.

## COUNT II

**Gross Negligence as to Defendant, Police Officer Michelle Martinez**

14. Plaintiff repeats and re-alleges the previous paragraphs of this Complaint as

though fully set forth in this Count.

15.  The actions of the Defendant, Police Officer Michelle Martinez, as detailed
above, in disregarding her training and experience and failing to have the
victim identify the alleged perpetrator although the victim knew the
Defendant and could easily distinguish the real perpetrator and in acting
illegally and in violation of her police training, Michigan Statutory and case
law, including the right to have fair investigations as stated in the Michigan
constitution and otherwise stated in the State and Federal constitutions and
otherwise acting with reckless disregard of the rights of the Plaintiff as
established by the entire embrace of the State and Federal law, the
Defendant, Martinez, was grossly negligent and thus liable to the Plaintiff
under Michigan Law.

16.  The Defendant violated her duty toward the Plaintiff to act reasonably and
subject to legal standards of care and, instead, acted with reckless disregard
and in violation of her duty to act consistent with Warren Police Department
regulations and training manuals and with the Constitution laws and
ordinances of the City of Warren, County of Macomb and State of
Michigan. Defendant, Detective Corporal Michelle Martinez, deviated
below the bare minimum standards of care owed to the Plaintiff by Law
Enforcement Officers and was, thus, grossly negligent.

## COUNT III

### (Violation of United States Constitutional Rights by the City of Warren Police Department)

17. The factual allegations, as set forth above, are repeated and incorporated herein and made a part of this Count.

18. The Defendant, City of Warren Police Department, has established and displayed customs, policies and practices under the authority and of the City of Warren (Warren Police Department) that violate the Fourth and Fourteenth Amendments of the United States Constitution as made actionable under *42 USC § 1983*, as enumerated in this Complaint.

19. *Monell v. New York City Department of Social Services, 436 U.S. 658, 690-92 (1978),* establishes the principle that governmental entities and executive policy making governmental officials will be liable for harm caused by its own policies, customs or practices. The failure to provide proper supervision, training, discipline and sanctioning and condoning such conduct by failure to discipline Defendant Police Officer Michelle Martinez and other officers in similar circumstances represents a policy for which this Defendant is responsible. This Defendant was so indifferent to training, supervision, discipline and complaint investigations, which was obviously inadequate and thus likely to result in the violation of constitutional rights so

that this Defendant and its policymakers can reasonably be said to have been deliberately indifferent to the needs of the Plaintiff.

20. Defendant, City of Warren Police Department, repeated and varied failures to institute policies, provide funding, adequately screen, review, monitor as well as the failure to issue appropriately written and communicated policies and procedures for handling instances of abuse of authority proximately caused and contributed to the injuries and damages to the Plaintiff.

21. The Defendant, City of Warren (Warren Police Department), was deliberately indifferent concerning training, creating and publishing policies, customs, and practices to foster compliance by its officers with Constitutional safeguards.  This Defendant's lack of concern was so obvious and its inadequacies so rampant that it was likely to result in the violation of the Plaintiff 's constitutional rights. This conduct represented official policies of action and inaction of this Defendant, which renders it fully responsible for the conduct herein under the laws and Constitution of the United States and in violation of the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States as made actionable by *42 US § 1983*.

22. Defendant City of Warren (Warren Police Department) is not entitled to Qualified Immunity based on its constitutional violations.

**Proximate Cause and Damages**

23. The factual allegations as set forth above are incorporated herein and made a part of this Count, and this Count is fully applicable and relates to each of the above Counts and each of the Defendants.

24. As a direct and proximate cause and result of the deprivation of Plaintiff's constitutional rights as protected by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, as indicated above, the Plaintiff, **Alexander Fadi Jarbo**, suffered severe and permanent injuries including anxiety, depression, pain and suffering, impairment of movement and activities, psychological injures mental anguish, fright, shock, embarrassment, humiliation, denial of social pleasure and enjoyment, loss of earnings and future earnings capacity and medical/psychological expenses.

**WHEREFORE**, Plaintiff, **Alexander Fadi Jarbo**, demands judgment against each Defendant in an amount that is fair and just and in accordance with the evidence produced at trial in an amount **in excess of** Seventy Five Thousand ($75,000.00) Dollars including interest and costs and further requests an award of reasonable actual attorney fees pursuant *to 42 USC § 1988* and/or *28 U.S.C. §2412 (d)(1)(A)*; and order such other and further relief as this Court deems necessary and proper. Additionally,

Plaintiff requests an award of punitive damages against the individual

Defendant, pursuant to *42 USC § 1983*, for the willful and malicious

behavior displayed herein. Furthermore, an award of interest, costs and

statutory attorney fees is requested.


Respectfully Submitted,



/S/Frank G. Becker
Frank G. Becker (P25502)
Attorney for Plaintiff
18501 West Ten Mile Road
Southfield, Michigan 480752663
(248) 789-2437
frankgbecker@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN


**Alexander Fadi Jarbo**
      *Plaintiff,*

vs.                                           Case No.
                                             Hon.:


**Detective Corporal Michelle Martinez**
**and the City of Warren (Warren Police**
**Department**)
      *Defendants.*
_____/
Frank G. Becker (P25502)
18501 W. Ten Mile Rd.
Southfield, MI. 48075-2663
(248) 789-2437
frankgbecker@yahoo.com
_____/

## DEMAND FOR JURY TRIAL

      NOW COMES Plaintiff, Alexander Fadi Jarbo, by and through his Attorney

Frank G. Becker, demands a trial by jury to determine all relevant factual issues

arising in this action.

                                          Respectfully Submitted,

                                       Law Office of Frank G. Becker


                                       /S/ Frank G. Becker
                                       Frank G. Becker (P25502)
                                       Attorney for Plaintiff
                                       18501 West Ten Mile Road
                                       Southfield, Michigan 48075
                                       (248) 789-2437
                                       frankgbecker@yahoo.com